# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | | |
|---|---|---|
| Ronald Chad Allen<br>   *Plaintiff* | )<br>)<br>) | |
| v. | )<br>) | Case No. 3:17-CV-211-DJH |
| Equifax Information Services, LLC<br>   *Defendant*<br>Serve:<br>   Corporation Service Company<br>   421 West Main Street<br>   Frankfort, KY 40601 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Credit Bureau Systems, Inc.<br>   *Defendant*<br>Serve:<br>   William Mark Edwards<br>   100 Fulton Court<br>   Paducah, KY 42001 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Credit One Bank, N.A.<br>   *Defendant*<br>Serve:<br>   Credit One Bank, N.A.<br>   585 Pilot Road<br>   Las Vegas, NV 89119 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Fort Knox Federal Credit Union<br>   *Defendant*<br>Serve:<br>   Any Officer<br>   Fort Knox Federal Credit Union<br>   P.O. Box 900<br>   Radcliff, KY 40159 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

| | |
|---|---|
| Hillcrest Credit Agency<br>*Assumed name for*<br>Commonwealth Health Corporation, Inc.<br>  *Defendant*<br>Serve:<br>  Murry A. Raines<br>  English, Lucas, Priest & Owsley<br>  1101 College Street<br>  Bowling Green, KY 42101 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# COMPLAINT and DEMAND FOR JURY TRIAL

## Introduction

  1. This is a complaint for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

  2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331; the FDCPA, 15 U.S.C. §1692k(d); and the FCRA 15 U.S.C. §§ 1681n and 1681o. Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Hardin County, Ky., which is located within this District.

## PARTIES

  3. Plaintiff Ronald Chad Allen is a natural person who resides in Hardin County, Ky. Mr. Allen is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

  4. Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company, with its principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax has registered to do business with Kentucky Secretary of State. Equifax is a "consumer reporting agency" within the meaning of the FCRA.

  5. Defendant, Credit Bureau Systems, Inc. ("CBS"), is a Kentucky for-profit corporation, with its principal place of business located in Paducah, Kentucky. CBS has registered with the Kentucky Secretary of State, and is engaged in the business of collecting debts from Kentucky citizens and consumers on the behalf of creditors.

  6. CBS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6); and the FCRA, 15 U.S.C. § 1681a(c). CBS is also a "furnisher of information" within the meaning of the FCRA.

  7. Defendant Credit One Bank, N.A. ("Credit One") is a national bank. Credit One'

-2-

headquarters are located at 585 Pilot Road, Las Vegas, NV 89119. Credit One is a "furnisher of information" within the meaning of the FCRA.

8. Defendant Fort Knox Federal Credit Union ("Fort Knox FCU") is federal credit union located in Radcliff, KY. Fort Knox FCU is a "furnisher of information" within the meaning of the FCRA.

9. Defendant Hillcrest Credit Agency, assumed name for Commonwealth Health Corporation, Inc. ("Hillcrest"), is a Kentucky for-profit corporation, with its principal place of business located in Bowling Green, Kentucky. Hillcrest has registered with the Kentucky Secretary of State, and is engaged in the business of collecting debts from Kentucky citizens and consumers on the behalf of creditors.

10. Hillcrest is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6); and the FCRA, 15 U.S.C. § 1681a(c). Hillcrest is also a "furnisher of information" within the meaning of the FCRA.

## STATEMENT OF FACTS

11. Like many of his other fellow citizens, Mr. Allen got caught up in the wave of the great recession of 2008 and carried out to sea.

12. When it became clear he could not swim back to shore on his own, he reached out for an economic lifeline and filed for Chapter 7 Bankruptcy on October 27, 2016 in Case Number 16-33254 (W.D.Ky.)

13. Mr. Allen did not reaffirm any of his debts in his Chapter 7 Bankruptcy case.

14. The Bankruptcy Court issued a discharge of Mr. Allen's debts on January 31, 2017.

15. Mr. Allen listed a secured debt to Fort Knox Federal Credit Union ("Fort Knox FCU") on Schedule D of his bankruptcy petition.

16. Fort Knox FCU moved for and was granted relief from the automatic stay to repossess the vehicle secured by Mr. Allen's loan from Fort Knox FCU.

17. Mr. Allen is anxious to begin the fresh economic start from his bankruptcy discharge guaranteed to him under the U.S. Constitution.

18. Since getting the discharge, Mr. Allen has regularly monitored his consumer credit reports from the three major credit reporting agencies: Equifax, Experian, and Trans Union.

19. Mr. Allen discovered several debts on his Equifax consumer credit report that were included and discharged in his Chapter 7 Bankruptcy.

20. Credit One Bank ("Credit One") was inaccurately reporting that Mr. Allen still

owed a balance of $37.00 on a debt that was opened prior to the filing of Mr. Allen's Chapter 7 Bankruptcy on October 27, 2016. Credit One was also reporting that the payment status on the debt was 90-119 days late.

21.     Credit Bureau Systems, Inc. ("CBS") was inaccurately reporting that Mr. Allen still owed a balance of $40.00 on a medical debt that was incurred more than three years prior to the filing of Mr. Allen's Chapter 7 Bankruptcy Case.

22.     The medical debt reported by CBS was incurred for personal or family purposes, which makes the CBS medical debt a "debt" within the meaning of the FCRA.

23.     CBS furnished negative credit information concerning Mr. Allen and the CBS medical debt for purposes of collecting a debt from him. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

24.     Fort Knox FCU was inaccurately reporting that Mr. Allen still owed a balance of $7,171.00 on a debt the same debt that Mr. Allen listed in Schedule D of his bankruptcy petition. Fort Knox FCU was also reporting that the payment status on the debt was 60-89 days late.

25.     Hillcrest was inaccurately reporting that Mr. Allen still owed a balance of $37.00 on a medical debt that was incurred more than three years prior to the filing of Mr. Allen's Chapter 7 Bankruptcy Case.

26.     The medical debt reported by Hillcrest was incurred for personal or family purposes, which makes the Hillcrest medical debt a "debt" within the meaning of the FCRA.

27.     Hillcrest furnished negative credit information concerning Mr. Allen and the Hillcrest medical debt for purposes of collecting a debt from him. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

28.     Mr. Allen directly disputed the inaccurate and incorrect credit information directly with Equifax.

29.     Mr. Allen's disputes asked Equifax to investigate debts furnished by CBS, Credit One, Fort Knox FCU, and Hillcrest.

30.     Equifax failed to conduct a reasonable investigation of Mr. Allen's dispute.

31.     Equifax sent Credit One, CBS, Fort Knox FCU, and Hillcrest notice of Mr. Allen's dispute, which thereby triggered each Defendant's duty under 15 U.S.C. § 1681s-2(b) to reinvestigate the negative information each was furnishing concerning Mr. Allen.

32.     Credit One, CBS, Fort Knox FCU, and Hillcrest each failed to conduct a reasonable investigation into Mr. Allen's disputes concerning the negative credit information concerning Mr.

Allen and the alleged debts that Credit One, CBS, Fort Knox FCU, and Hillcrest are furnishing to one or more consumer reporting agencies.

28. Credit One, CBS, Fort Knox FCU, and Hillcrest each falsely verified the accuracy of the disputed negative credit information to one or more consumer reporting agencies.

29. As a result of Equifax's failure to **(i)** follow reasonable procedures to insure the maximum possible accuracy of Mr. Allen's consumer credit reports that it published to third-party users, and **(ii)** conduct a reasonable investigation of Mr. Allen's dispute, Mr. Allen suffered actual damages in the form of a lowered credit score and denial of credit.

30. As a result of Credit One's, CBS's, Fort Knox FCU's, and Hillcrest's failure to conduct a reasonable investigation of Mr. Allen's dispute, Mr. Allen suffered actual damages in the form of a lowered credit score and denial of credit.

## CLAIMS FOR RELIEF

**I.     Claims against Equifax Information Services, LLC**

31. The foregoing acts and omissions by Equifax constitute violations of the FCRA.

**A.     Violation of 15 U.S.C. § 1681e**

32. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Mr. Allen and the materially inaccurate credit information furnished by Credit One, CBS, Fort Knox FCU, and Hillcrest.

33. Equifax's conduct, actions and inactions were willful, rendering Equifax liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs.

34. In the alternative, Equifax's conduct, actions and inactions were grossly negligent or negligent rendering Equifax liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

**B.     Violation of 15 U.S.C. § 1681i**

35. Equifax, LLC violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation of Mr. Allen's dispute of the materially inaccurate Credit One, CBS, Fort Knox FCU, and Hillcrest credit information.

36. Equifax's conduct, actions and inactions were willful, rendering Equifax liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs.

37. In the alternative, Equifax's conduct, actions and inactions were grossly negligent or negligent rendering Equifax liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## II. Claims against Credit Bureau Systems, Inc.

### A. Fair Debt Collection Practices Act (FDCPA)

38. The foregoing acts and omissions of Credit Bureau Systems, Inc. ("CBS") constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f. These violations include attempting to collect a medical debt from Mr. Allen that discharged in Mr. Allen's Chapter 7 Bankruptcy, misrepresenting the amount of the debt, and reporting false credit information about the debt.

### B. Fair Credit Reporting Act (FCRA)

39. The foregoing acts and omissions of CBS violate the FCRA.

40. After being informed by Equifax that Mr. Allen disputed the accuracy of the information it was providing concerning Mr. Allen and the CBS medical debt, CBS willfully failed to conduct a proper investigation of Mr. Allen' disputes filed with Equifax that CBS was furnishing false negative credit information about Mr. Allen and the CBS medical debt.

41. CBS willfully failed to review all relevant information purportedly provided by Equifax to CBS in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

42. CBS willfully failed to direct Equifax to delete inaccurate information about Mr. Allen pertaining to the CBS medical debt as required by 15 U.S.C. §1681s-2(b)(C).

43. Mr. Allen has a private right of action to assert claims against CBS arising under 15 U.S.C. §1681s-2(b).

44. CBS is liable to Mr. Allen for the actual damages he has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681n.

45. In the alternative, CBS's conduct, actions and inactions were grossly negligent or negligent rendering CBS liable under 15 U.S.C. § 1681o for actual damages, along with attorney's

fees and costs.

### III. Claims against Credit One Bank, N.A.

46. The foregoing acts and omissions of Credit One Bank, N.A. ("Credit One") violate the FCRA.

47. After being informed by Equifax that Mr. Allen disputed the accuracy of the information it was providing concerning Mr. Allen and the Credit One debt, Credit One willfully failed to conduct a proper investigation of Mr. Allen' disputes filed with Equifax that Credit One was furnishing false negative credit information about Mr. Allen and the Credit One debt.

48. Credit One willfully failed to review all relevant information purportedly provided by Equifax to Credit One in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

49. Credit One willfully failed to direct Equifax to delete inaccurate information about Mr. Allen pertaining to the Credit One debt as required by 15 U.S.C. §1681s-2(b)(C).

50. Mr. Allen has a private right of action to assert claims against Credit One arising under 15 U.S.C. §1681s-2(b).

51. Credit One is liable to Mr. Allen for the actual damages he has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681n.

52. In the alternative, Credit One's conduct, actions and inactions were grossly negligent or negligent rendering Credit One liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

### IV. Claims against Fort Knox Federal Credit Union

53. The foregoing acts and omissions of Fort Knox Federal Credit Union ("Fort Knox FCU") violate the FCRA.

54. After being informed by Equifax that Mr. Allen disputed the accuracy of the information it was providing concerning Mr. Allen and the Fort Knox FCU debt, Fort Knox FCU willfully failed to conduct a proper investigation of Mr. Allen' disputes filed with Equifax that Fort Knox FCU was furnishing false negative credit information about Mr. Allen and the Fort Knox FCU debt.

55. Fort Knox FCU willfully failed to review all relevant information purportedly

provided by Equifax to Fort Knox FCU in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

56. Fort Knox FCU willfully failed to direct Equifax to delete inaccurate information about Mr. Allen pertaining to the Fort Knox FCU debt as required by 15 U.S.C. §1681s-2(b)(C).

57. Mr. Allen has a private right of action to assert claims against Fort Knox FCU arising under 15 U.S.C. §1681s-2(b).

58. Fort Knox FCU is liable to Mr. Allen for the actual damages he has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681n.

59. In the alternative, Fort Knox FCU's conduct, actions and inactions were grossly negligent or negligent rendering Fort Knox FCU liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## V. Claims against Hillcrest Credit Agency

### A. Fair Debt Collection Practices Act (FDCPA)

60. The foregoing acts and omissions of Hillcrest Credit Agency ("Hillcrest") constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f. These violations include attempting to collect a medical debt from Mr. Allen that discharged in Mr. Allen's Chapter 7 Bankruptcy, misrepresenting the amount of the debt, and reporting false credit information about the debt.

### B. Fair Credit Reporting Act (FCRA)

61. The foregoing acts and omissions of Hillcrest violate the FCRA.

62. After being informed by Equifax that Mr. Allen disputed the accuracy of the information it was providing concerning Mr. Allen and the Hillcrest medical debt, Hillcrest willfully failed to conduct a proper investigation of Mr. Allen' disputes filed with Equifax that Hillcrest was furnishing false negative credit information about Mr. Allen and the Hillcrest medical debt.

63. Hillcrest willfully failed to review all relevant information purportedly provided by Equifax to Hillcrest in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

64. Hillcrest willfully failed to direct Equifax to delete inaccurate information about

Mr. Allen pertaining to the Hillcrest medical debt as required by 15 U.S.C. §1681s-2(b)(C).

65. Mr. Allen has a private right of action to assert claims against Hillcrest arising under 15 U.S.C. §1681s-2(b).

66. Hillcrest is liable to Mr. Allen for the actual damages he has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681n.

67. In the alternative, Hillcrest's conduct, actions and inactions were grossly negligent or negligent rendering Hillcrest liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ronald Chad Allen requests that the Court grant him the following relief:

1. Award the maximum amount of statutory damages under 15 U.S.C. §1681n and 15 U.S.C. § 1692k;

2. Award Plaintiff attorney's fees, litigation expenses and costs;

3. Award Plaintiff actual damages under 15 U.S.C. § 1692k and 15 U.S.C. §1681n or, in the alternative, under 15 U.S.C. § 1681o;

4. Award Plaintiff punitive damages under 15 U.S.C. § 1681n;

5. A trial by jury; and

6. Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com